UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

MATTHEW CARON; MATTHEW GUDGER;
SECOND AMENDMENT FOUNDATION, INC.;
S.C.O.P.E., INC.; and LONG ISLAND
FIREARMS, LLC,

                         Plaintiffs,

        -against-

ANDREW CUOMO, in his Official Capacity as
Governor of the State of New York; and
JOSEPH D'AMICO, in his Official Capacity as
Superintendent of the Division of State Police,

                         Defendants.

**COMPLAINT**

Case No. 1:13-CV-1211 (GLS/TWD)

Plaintiffs MATTHEW CARON; MATTHEW GUDGER; SECOND AMENDMENT FOUNDATION, INC.; S.C.O.P.E., INC. and LONG ISLAND FIREARMS, LLC, by and through their undersigned counsel, as and for their Complaint against Defendants ANDREW CUOMO and JOSEPH D'AMICO, allege as follows:

1.      This 42 U.S.C. § 1983 action concerns § 265.37 of the New York Penal Law, which prohibits people from loading more than 7 rounds of ammunition into otherwise lawful firearms ammunition magazines. Plaintiffs seek declaratory and injunctive relief, and attorney's fees and costs.

## INTRODUCTION

2.      Most modern firearms (and virtually all semi-automatic firearms) use "magazines" or "clips" that hold individual cartridges or rounds of ammunition and allow them to be fed into the firearm in preparation for firing. These devices are essentially a box with a spring inside. This complaint refers to such devices as "ammunition magazines" or "magazines"

3.      As detailed herein, New York law allows law abiding gun owners to purchase, possess, and sell ammunition magazines that hold up to 10 rounds of ammunition.  However, except when at shooting ranges, it is illegal for them to load more than 7 rounds in their otherwise lawful magazines.

4.      This 7-round-loading restriction violates the Second Amendment because it substantially interferes with the right of law abiding citizens to defend themselves and is not sufficiently related to any compelling or otherwise adequate governmental interest.

<u>JURISDICTION AND VENUE</u>

5.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343, 2201, 2202, and 42 U.S.C. § 1983.

6.      This Court has personal jurisdiction over each of the Defendants because, *inter alia*, they acted and continue to act under the color of laws of the State of New York and/or within the geographic confines of the State of New York.

7.      Venue is proper pursuant to 28 U.S.C. § 1391 because all Defendants reside in the Northern District of New York.

<u>PARTIES AND STANDING</u>

8.      Plaintiff Matthew Caron is a citizen and resident of New York residing in Saratoga County.  Plaintiff Mr. Caron holds a handgun license issued pursuant to Article 400 of the Penal Law and lawfully possesses a handun for the purpose of self-defense.  Plaintiff Mr. Caron's handgun accepts magazines that hold more than 7 rounds of ammunition.  But for Defendants' ongoing threat to enforce § 265.37, as alleged in this Complaint, Plaintiff Mr. Caron would load more than 7 rounds in the ammunition magazines for his handgun while using it for the purpose of self-defense.

9.     Plaintiff Matthew Gudger is a citizen and resident of New York residing in Suffolk County.  Plaintiff Mr. Gudger holds a handgun license issued pursuant to Article 400 of the Penal Law and lawfully possesses a handgun for the purpose of self-defense.  Plaintiff Mr. Gudger's handgun accepts magazines that hold more than 7 rounds of ammunition.  But for Defendants' ongoing threat to enforce § 265.37, as alleged in this Complaint, Plaintiff Mr. Gudger would load more than 7 rounds in the ammunition magazines for his handgun while using it for the purpose of self-defense.

10.     None of the individual plaintiffs described in paragraphs 8 and 9 of this Complaint fall within any exception or exemption to the penalties for possession of a magazine loaded with more than 7 rounds contained within New York State Penal Law.

11.     Plaintiff Second Amendment Foundation, Inc. ("SAF") is a non-profit member organization incorporated under the laws of the State of Washington with its principal place of business in Bellevue, Washington.  Plaintiff SAF has an office and staff in Buffalo, New York, where it publishes TheGunMag.com and Women & Guns magazine.  Plaintiff SAF has over 650,000 members and supporters nationwide, including in the State of New York.  The purposes of SAF include promoting both the exercise of the right to keep and bear arms and education, research, publishing, and legal action focusing on the constitutional right to privately own and possess firearms.  SAF also promotes research and education on the consequences of abridging the right to keep and bear arms and on the historical grounding and importance of the right to keep and bear arms as one of the core civil rights of United States citizens.

12.     Both members of SAF and the general public have contacted SAF and asked SAF to provide them with advice and assistance regarding § 265.37 of the New York Penal Law.  For example, individuals have asked SAF to advise them of how many rounds they may load in their

ammunition magazines under various circumstances, of the penalties in the event that they are caught with more than 7 rounds in their ammunition magazines, and of whether various officials currently threaten to enforce the 7-round-loading limitation.  SAF has expended organizational resources, including time, energy, and money, to respond to these requests for advice and assistance.  In addition, the membership of SAF includes individuals who would load more than 7 rounds in their ammunition magazines for self-defense purposes but for their fear that Defendants would enforce § 265.37 against them.

13.     Plaintiff Amicus S.C.O.P.E., Inc. or Shooters' Committee on Political Education of New York ("SCOPE") is a New York not-for-profit corporation focused on the protection and preservation of the right of firearms ownership.  A group of western New York gun owners founded SCOPE in 1965 to educate the public about the importance of the right to keep and bear arms in modern society, and to rebut the claims that the Second Amendment is outmoded, and that it is not applicable to individuals.  SCOPE does not align itself with any political party, and it does not endorse candidates for elective office.  Rather, SCOPE focuses on providing New York legislators and executives with timely and accurate information to support sound decisions. SCOPE also seeks to provide accurate and useful information on firearms laws and policies to law-abiding New York gun owners.

14.     Both members of SCOPE and the general public have contacted SCOPE and asked SCOPE to provide them with advice and assistance regarding § 265.37 of the New York Penal Law.  For example, individuals have asked SCOPE to advise them of how many rounds they may load in their ammunition magazines under various circumstances, of the penalties in the event that they are caught with more than 7 rounds in their ammunition magazines, and of whether various officials currently threaten to enforce the 7-round-loading limitation.  SCOPE

has expended organizational resources, including time, energy, and money, to respond to these requests for advice and assistance.  In addition, the membership of SCOPE includes individuals who would load more than 7 rounds in their ammunition magazines for self-defense purposes but for their fear that Defendants would enforce § 265.37 against them.

15.     Plaintiff Long Island Firearms, LLC ("LIF") is a New York limited liability company dedicated to protecting the natural right of civilian self-defense for residents of New York State, and particularly those living on Long Island.  LIF operates a firearms club, promotes responsible firearms ownership through its educational website and through frequent workshops, covering topics such as firearms safety and maintenance.  Aside from its focus on firearms, LIF also seeks to provide a means for gun owners to contribute to the community as a group, and they sponsor blood drives, coat collections for the needy, and other community services.

16.     Both members of LIF and the general public have contacted LIF and asked LIF to provide them with advice and assistance regarding § 265.37 of the New York Penal Law.  For example, individuals have asked LIF to advise them of how many rounds they may load in their ammunition magazines under various circumstances, of the penalties in the event that they are caught with more than 7 rounds in their ammunition magazines, and of whether various officials currently threaten to enforce the 7-round-loading limitation.  LIF has expended organizational resources, including time, energy, and money, to respond to these requests for advice and assistance.  In addition, the membership of LIF includes individuals who would load more than 7 rounds in their ammunition magazines for self-defense purposes but for their fear that Defendants would enforce § 265.37 against them.

17.     Defendant Andrew M. Cuomo ("Governor Cuomo") is sued in his official capacity as Governor of the State of New York, responsible for executing and administering the

laws of New York State, including New York Penal Law § 265.37.  Governor Cuomo maintains his business office in Albany, New York, within the Northern District.

18.     Defendant Joseph D'Amico ("Superintendent D'Amico") is sued in his official capacity as Superintendent of the Division of State Police (also known as the New York State Police), responsible for enforcing the laws of the State of New York, including New York Penal Law § 265.37.  The Division of State Police is an agency of the State of New York, existing by virtue of § 210 of the New York Executive Law.  Superintendent D'Amico maintains his business office in Albany, New York, within the Northern District.

19.     Certain law enforcement officials in the State of New York have publicly stated that they will not enforce various provisions of Chapter 1 of the 2013 Laws of New York (also known as the "SAFE Act"), including specifically § 265.37 and its prohibition on loading more than 7 rounds of ammunition into lawful ammunition magazines.  Superintendent D'Amico has not made any such disclaimer.  Rather, Superintendent D'Amico has enforced the challenged laws, continues to enforce the challenged laws, and threatens to enforce the challenged laws against the Plaintiffs.

20.     In response to certain law enforcement officials' declarations of non-enforcement, as alleged above, Governor Cuomo has specifically instructed law enforcement officials that they should enforce the challenged laws, notwithstanding their own concerns or objections.  Hence, above and beyond his obligation to execute and administer the laws of New York, Governor Cuomo has further acted to enforce the challenged laws, he continues to enforce the challenged laws, and he threatens to enforce the challenged laws against the Plaintiffs.

## CONSTITUTIONAL PROVISIONS

21.     The Second Amendment provides:

> A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed.

U.S. Const. amend. II.

22.     The Second Amendment "guarantee[s] the individual right to possess and carry weapons in case of confrontation." District of Columbia v. Heller, 554 U.S. 570, 592 (2008).

23.     "[T]he right to keep and bear arms [is] among those fundamental rights necessary to our system of ordered liberty" and applies against the States. See McDonald v. Chicago, 130 S. Ct. 3020, 3042 (2010).

### STATE LAWS

24.     Since January 15, 2013, New York law has prohibited people from possessing ammunition magazines that can hold more than 10 rounds of ammunition. See N.Y. Penal L. §§ 265.02(8), 265.36; see also SAFE Act § 58(b) (effective date). It is either a class D felony or a class A misdemeanor to possess a magazine that can hold more than 10 rounds (depending on whether possession of the magazine predates the law's passage). See N.Y. Penal L. §§ 265.02, 265.36.

25.     While law abiding gun owners are free to possess ammunition magazines that can hold up to 10 rounds, it is (with one exception) illegal to load more than 7 rounds in an otherwise lawful 8-, 9-, or 10-round magazine:

> It shall be unlawful for a person to knowingly possess an ammunition feeding device where such device contains more than seven rounds of ammunition.

N.Y. Penal Law § 265.37. This offense is (alternatively) a violation, a class B misdemeanor, or a class A misdemeanor, depending on whether it occurs at home or in public, and depending on whether the individual has previously violated this law. See id.

26.     The one general exception allows law abiding gun owners to load a full 10 rounds in their magazines while (in substance) at a shooting range.  See N.Y. Penal L. § 265.20(7-f).

CAUSE OF ACTION

N.Y. PENAL L. § 265.37 FAILS<br>SECOND AMENDMENT SCRUTINY

27.     Ammunition magazines holding 10 rounds of ammunition (and more) are in common usage for lawful purposes including self-defense. Firearms loaded with 10 rounds of ammunition are therefore not dangerous and unusual weapons. See, e.g., Heller, 554. U.S. at 627-629 (Second Amendment protects handgun possession since handguns are in common use and are thus not dangerous and unusual weapons).

28.     Furthermore, a person has a greater ability to protect his or her life (or the lives of his or her family members) with an ammunition magazine that holds a greater number of rounds of ammunition.  A person with 10 rounds of ammunition available will be better able to defend himself or herself from a criminal gang, or from a drug-crazed criminal who continues attacking even after being shot, than a person who has only 7 rounds of ammunition available before they must reload their gun. A person with a disability or who has been injured by a violent attacker may be unable to readily reload his or her firearm, and thus the statutory 7-round magazine limit could compromise the ability of said person to defend himself or herself

29.     "[I]n Heller, [the Supreme Court] held that individual self-defense is 'the *central component*' of the Second Amendment right."  McDonald, 130 S. Ct. at 3036 (quoting Heller, 554 U.S. at 599 (emphasis in source)).

30.     Whatever governmental interests might justify the restriction of ammunition magazines to a 10-round capacity, these interests do not sufficiently justify restricting law

abiding gun owners from loading more than 7 rounds in their otherwise lawful 8-, 9-, and 10-round magazines.

<u>**PRAYER FOR RELIEF**</u>

WHEREFORE, Plaintiffs pray for the following relief:

i.      declaratory judgment that N.Y. Penal L. § 265.37 violates the Second Amendment right of armed self-defense;

ii.     a preliminary and/or permanent injunction restraining Defendants and their officers, agents, servants, employees, and all persons in concert or participation with them who receive notice of this injunction, from enforcing N.Y. Penal L. 265.37;

iii.    such other and further relief, including injunctive relief, against all Defendants, as may be necessary to effectuate the Court's judgment, or as the Court otherwise deems just and equitable; and

iv.     attorney's fees and costs pursuant to 42 U.S.C. § 1988.

Dated: September 27, 2013

By:  /s/ David D. Jensen__
David D. Jensen, Esq.
NDNY Bar Roll No. 518218
DAVID JENSEN PLLC
111 John Street, Suite 230
New York, New York 10038
Tel:  212.380.6615
Fax:  917.591.1318
david@djensenpllc.com

Robert P. Firriolo, Esq.
NDNY Bar Roll No. 518013
BOUTIN & ALTIERI P.L.L.C.
P.O. Box 630
Carmel, New York 10512
Tel:  845.306.7076
Fax:  866.585.9604
rfirriolo@boutinlaw.com

*Attorneys for Plaintiffs*