UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

───────────────────────────────

MATTHEW CARON; MATTHEW GUDGER; SECOND
AMENDMENT FOUNDATION, INC.; S.C.O.P.E., INC.;
LONG ISLAND FIREARMS, LLC,

                                        *Plaintiffs*,

-against-

ANDREW CUOMO, in his Official Capacity as Governor
of the State of New York; and JOSEPH D'AMICO, in his
Official Capacity as Superintendent of the Division of State
Police,

                                        *Defendants*.

**ANSWER**

13-CV-1211

GLS/TWD

───────────────────────────────

       Defendants Andrew M. Cuomo and Joseph D'Amico, by their attorney, Eric T. Schneiderman, Attorney General of the State of New York, Kelly L. Munkwitz, Assistant Attorney General, of counsel, answer the complaint as follows:

       1.      Admit the allegations contained in paragraph 3 of the Amended Complaint.

       2.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20 and 21 of the Amended Complaint.

       3.      Deny the allegations contained in paragraphs 4, 33 and 35 of the Amended Complaint.

       4.      The allegations contained in paragraph 1 of the Amended Complaint are plaintiffs' characterization of this action, to which a response is not required. To the extent the

allegations in paragraph 1 could be construed to assert wrongdoing by defendants, the allegations are denied.

5. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2, as the phrase "modern firearms" is vague. Further, deny that magazines and clips are the same.

6. Paragraphs 5, 6 and 7 contain legal statements that are to be decided by the Court and to which a response is not required.

7. As to the allegations in paragraph 22 of the Amended Complaint, admit that Governor Cuomo maintains a business office in Albany, New York and respectfully refer the Court to the New York State Constitution and the applicable statutes and regulations for a full recitation of the Governor's authority, duties and obligations.

8. As to the allegations in paragraph 23 of the Amended Complaint admit that Joseph D'Amico is the Superintendent of the Division of State Police and maintains his office in Albany, New York. Defendants respectfully refer the Court to the applicable statutes and regulations, including that cited, for a complete recitation of the duties and responsibilities of Superintendent D'Amico and the State Police.

9. As to the allegations in paragraph 24 of the Amended Complaint, deny knowledge or information sufficient to form a belief as to the alleged statements of unnamed officials regarding the enforcement of the SAFE Act and specifically Penal Law § 265.37 and deny that Superintendent D'Amico threatens to enforce section 265.37 against plaintiffs pending the outcome of appeals in the action entitled *NYSRPA v. Cuomo*, W.D.N.Y. Case No. 13 cv. 291.

10. As to the allegations in paragraph 25 of the Amended Complaint, admit only that Governor Cuomo made statements concerning the enforcement of New York State's SAFE Act.

11. As to the allegations in paragraph 26 of the Amended Complaint, respectfully refer the Court to the cited constitutional Amendment as the best evidence and most accurate version of its contents.  The allegations are denied to the extent that they are inconsistent with the Amendment.

12. As to the allegations in paragraphs 27, 28 and 34 of the Amended Complaint, respectfully refer the Court to the cited case law as the best evidence and most accurate version of its contents.  The allegations are denied to the extent that they are inconsistent with the cited case law.

13. As to the allegations in paragraphs 29, 30 and 31 of the Amended Complaint, respectfully refer the Court to the cited statutes as the best evidence and most accurate version of their contents.  The allegations are denied to the extent that they are inconsistent with the cited statutes.

14. As to the allegations in paragraph 32 of the Amended Complaint, deny the allegations and respectfully refer the Court to the cited case law as the best evidence and most accurate version of its contents.

15. Paragraph 33 sets forth hypothetical and incomplete scenarios to which a response is not required.  To the extent the allegations in paragraph 33 could be construed to assert wrongdoing on the part of defendants, the allegations are denied.

16. Deny any allegation of the complaint not specifically responded to above.

### First Affirmative Defense

17. The complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

18. Plaintiffs failed to serve their complaint within the 120 day time period provided by Federal Rules of Civil Procedure 4(m).

### Third Affirmative Defense

19. Plaintiffs lack standing.

### Fourth Affirmative Defense

20. Plaintiffs fail to state a ripe or justiciable claim

### Fifth Affirmative Defense

21. As a result of the decision of the Hon. William Skretny in the action entitled *NYSRPA v. Cuomo*, W.D.N.Y. Case No. 13 cv. 291, Plaintiffs' claims are moot.

WHEREFORE, Defendants Andrew M. Cuomo and Joseph D'Amico respectfully ask that this Court deny the relief requested, dismiss the amended complaint, and grant such other relief as to the Court deems just and equitable.

Dated: Albany, New York
February 26, 2014

        ERIC T. SCHNEIDERMAN
        Attorney General of the State of New York
        Attorney for Defendants Andrew M. Cuomo and Joseph D'Amico
        The Capitol
        Albany, New York  12224-0341

By: *s/ Kelly L. Munkwitz*
Kelly L. Munkwitz
Assistant Attorney General, of Counsel
Bar Roll No.   509910
Telephone:     (518) 486-4603
Fax: (518) 473-1572 (not for service of papers)
Email: Kelly.Munkwitz@ag.ny.gov

TO:    Robert P. Firriolo, Esq.
        Boutin, Alteri Law Firm
        P.O. Box 630
        Carmel, NY  10512

        David D. Jensen, Esq.
        David Jensen PLLC
        111 John Street
        Suite 230
        New York, NY  10038