CIVIL CASE MANAGEMENT PLAN

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MATTHEW CARON; et al.,<br><br>                                Plaintiffs,<br><br>      -against-<br><br>ANDREW CUOMO; et al.,<br><br>                              Defendants. | No. 1:13-CV-1211 (GLS/TWD) |

**IT IS HEREBY ORDERED** that, pursuant to Rule 16(b), Federal Rules of Civil Procedure, a status and scheduling conference will be held in this case before the Honorable Therese Wiley Dancks, United States Magistrate Judge, on Wednesday, March 12, 2014 at 9:30 A.M. at the United States Courthouse, Syracuse, New York.

Counsel for all parties or individuals appearing *pro se* in the above-captioned action are directed to confer in accordance with Fed. R. Civ. P. 26(f) with respect to all of the agenda items listed below, no later than twenty-one (21) days before the scheduled Rule 16 Conference. Following that Rule 26(f) conference, a report of the results of the conference, in the format set forth below, must be filed with the clerk no later than seven (7) days prior to the scheduled Rule 16 conference with the Court. Matters which the Court will discuss at the status conference will include the following (insert a separate subparagraph as necessary if parties disagree):

**1) JOINDER OF PARTIES:** Any application to join any person as a party to this action shall be made on or before the 12th day of March, 2014.

**2) AMENDMENT OF PLEADINGS:** Any application to amend the pleadings to this action shall be made on or before the 16th day of May, 2014.

**3) DISCOVERY:** All discovery in this action shall be completed on or before the 2nd day of September, 2014. (Discovery time table is to be based on the complexity of the action)

**4) MOTIONS:** All motions, including discovery motions, shall be made on or before the 6th day of October, 2014. (Non-Dispositive motions including discovery motions may only be brought after the parties have complied with Section IX of General Order #25)

**5) PROPOSED DATE FOR THE COMMENCEMENT OF TRIAL:** The action will be ready to proceed to trial on or before the 6th day of April, 2015. It is anticipated that the trial will take approximately 4 days to complete. The parties request that the trial be held in Albany, N.Y. (The proposed date for the commencement of trial must be within 18 months of the filing date).

**6) HAVE THE PARTIES FILED A JURY DEMAND:  NO**

**7) DOES THE COURT HAVE SUBJECT MATTER JURISDICTION? ARE THE PARTIES SUBJECT TO THE COURT'S JURISDICTION? HAVE ALL PARTIES BEEN SERVED?**

The Court has subject matter jurisdiction, and all parties have been served.

**8) WHAT ARE THE FACTUAL AND LEGAL BASES FOR PLAINTIFF'S CLAIMS AND DEFENDANT'S DEFENSES (INCLUDE COUNTERCLAIMS & CROSSCLAIMS, IF APPLICABLE)?**

Plaintiffs assert that N.Y. Penal Law § 265.37 – which prohibits law-abiding New York gun owners from loading more than 7 rounds of ammunition into otherwise lawful 10-round ammunition magazines for the purpose of self-defense – is irrational and arbitrary and violates the Second Amendment.  Defendants assert that the statute is constitutional.

**9) WHAT FACTUAL AND LEGAL ISSUES ARE GENUINELY IN DISPUTE?**

Whether N.Y. Penal Law § 265.37 violates the Second Amendment to the Constitution.

**10) CAN THE ISSUES IN LITIGATION BE NARROWED BY AGREEMENT OR BY MOTIONS? ARE THERE DISPOSITIVE OR PARTIALLY DISPOSITIVE ISSUES APPROPRIATE FOR DECISION ON MOTION?**

There is a substantial chance that this case can be decided on motions.

**11) WHAT SPECIFIC RELIEF DO THE PARTIES SEEK? WHAT ARE THE DAMAGES SOUGHT?**

Plaintiffs seek declaratory relief, injunctive relief, and attorney's fees and costs. Plaintiffs do not seek money damages.

**12) DISCOVERY PLAN:**

A. Mandatory Disclosures

The parties will exchange the mandatory disclosures required under Rule 26(a)(1) at least seven (7) days prior to the date of the Rule 16 conference, unless they have obtained prior approval from the assigned Magistrate Judge to extend that deadline.

B. Subjects of Disclosure

The parties jointly agree that discovery will be needed to address the following subjects:

The State's justification(s) for limiting ammunition magazines to a capacity of 10 rounds and then further limiting law-abiding New York citizens from placing more than 7 rounds of ammunition into these otherwise lawful 10-round magazines when they seek to protect themselves, their families, and their homes.

C. Discovery Sequence

Describe the parties' understanding regarding the timing of discovery, and state whether it is anticipated that discovery will be phased to address different issues in stages.

> It is not possible to determine the sequence of discovery until Defendants identify their justification(s) for the restriction at issue.

D. Written Discovery

Describe the written discovery demands which the parties contemplate serving under Rules 33, 34 and 36, including when they will be promulgated, the areas to be covered, and whether there is any need for any party to exceed the number of interrogatories permitted under Rule 33.

> Plaintiffs anticipate promptly serving interrogatories and requests for production, and then following up with further written discovery as may be appropriate.

E. Depositions

Set forth the parties' expectations regarding depositions, including the approximate number to be taken, their location, a general description of the deponents, and an indication of whether any non-party fact depositions are anticipated.

> It is not possible to determine whether depositions will be needed until Defendants identify their justification(s) for the restriction at issue.

F. Experts

Set forth the parties' expectations regarding the retention of experts, and identify any particular issues to be addressed by the court concerning the retention and exchange of the information regarding experts, including whether the parties seek a variance from the expert disclosure requirements of the form uniform pretrial scheduling order typically issued by the court (i.e., initial expert disclosure at least ninety days, responsive expert disclosures at least forty-five days, and rebuttal reports due at least thirty days, before the close of discovery).

> It is not possible to determine whether experts will be needed until Defendants identify their justification(s) for the restriction at issue.

G. Electronic Discovery

Set forth the parties' understanding and expectations regarding discovery of electronically stored information. This description should include any agreements reached with respect to the retention of electronically stored information and the manner in which it will be produced, if requested. The parties should also identify any agreements regarding the manner in which electronically stored information subject to claims of privilege or work product protection will be handled, and whether a court order

will be requested, either on stipulation or otherwise, to address this issue. If an agreement has been reached on the entry of such an order, provide a brief description of the provisions which will be included in a proposed order.

> It is not possible to determine whether it will be necessary to discover electronically stored information until Defendants identify the justification(s) for the restriction at issue.

H. Protective Orders

If the parties anticipate requesting a protective order from the court pursuant to Rule 26(c), describe the basis for the request and nature of the proposed protective order.

> It is unlikely that a protective order will be needed.

I. Anticipated Issues Requiring Court Intervention

Provide a brief description of any discovery related issues which, the parties reasonably anticipate, may require court intervention.

> None known at the present time.

**13) IS IT POSSIBLE TO REDUCE THE LENGTH OF TRIAL BY STIPULATIONS, USE OF SUMMARIES OR STATEMENTS, OR OTHER EXPEDITED MEANS OF PRESENTING EVIDENCE? IS IT FEASIBLE AND DESIRABLE TO BIFURCATE ISSUES FOR TRIAL?**

> Yes.

**14) ARE THERE RELATED CASES PENDING BEFORE THE JUDGES OF THIS COURT?**

> There are no related cases in this District.

**15) IN CLASS ACTIONS, WHEN AND HOW WILL THE CLASS BE CERTIFIED?**

> Not applicable.

**16) WHAT ARE THE PROSPECTS FOR SETTLEMENT? Please circle below the prospect for settlement:**

> [**1**]-----2-----3-----4-----5-----6-----7-----8-----9-----10
>
> (VERY UNLIKELY)→→→→→→→→→(LIKELY)
>
> CANNOT BE EVALUATED PRIOR TO Rule 16 Conference.
>
> HOW CAN SETTLEMENT EFFORTS BE ASSISTED?

**17) IF YOUR CASE WAS SELECTED AS A QUALIFYING MANDATORY MEDIATION CASE, CONFIRM THAT YOU HAVE:**

    Not applicable.


Pursuant to Fed. R. Civ. P. 26(f) a conference was held on _____ at _____ with the participation of:

_____for plaintiff(s)

_____for defendant(s)_____

_____for defendant(s)_____


At the Rule 16(b) conference, the Court will issue an order directing the future proceedings in this action. The parties are advised that failure to comply with this order may result in the imposition of sanctions pursuant to Federal Rules of Civil Procedure 16(f).

***Please detach this case management plan form and file electronically with the Clerk no later than seven (7) days in advance of the conference date.***